### KIMBALL *v.* CUNNINGHAM.[1]

*(Circuit Court, E. D. New York. April 24, 1884.)*

PATENTS FOR INVENTIONS—PATENT NO. 149,896—TAG OR TICKET FOR TICKETING CLOTHS, ETC.—INFRINGEMENT.

K. was the owner of a patent for a certain form of tag or ticket used for ticketing cloths, etc. The claim of the patent was for "a size or quality mark or ticket composed of two layers of paper, between which is secured the head or bridge of the fastening springs, which extend through the bottom layer, and are adapted to fasten the ticket to a fabric." K., having brought a suit against C. to restrain the infringement of the patent, applied for an injunction. It appeared that the defendant made a ticket, having a staple secured to a tag by an eyelet, the lips of which clamped the bridge or head of the staple to the underside of the tag. *Held:* That what K.'s patent purported to secure was the method of attaching the fastening spring or staple to the tag; that the defendant's ticket did not infringe on that method, and the motion for an injunction must be denied.

In Equity. Motion for preliminary injunction.

*Townsend, Dyett & Einstein*, for plaintiff.

*Wm. C. Witter*, for defendant.

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

BENEDICT, J. ، This case comes before the court upon a motion for a preliminary injunction to restrain the defendant from making and selling a certain form of tag or ticket used for ticketing cloths and other similar fabrics, and alleged to be an infringement upon a patent No. 149,896, issued to Halmeah Van Grasen, April 21, 1874, and owned by the plaintiff. The plaintiff's patent is for an invention, the object of which is, as stated in the patent, to provide a ticket capable of being more readily attached than those heretofore in use. The invention is stated to consist in constructing tickets with metallic points at the back, which, upon being pressed against the fabric, will pass through the same, and by being bent back of the cloth will effectually secure the ticket to the cloth in a neat and strong manner. The claim reads thus:

"As an article of manufacture, a size or quality mark or ticket, composed of two layers of paper, between which is secured the head or bridge of the fastening springs, which extend through the bottom layer, and are adapted to fasten the ticket to a fabric."

The invention here sought to be secured does not, as insisted by the plaintiff, consist in the employment of a tag having soft metallic prongs securely fastened to the tag so as to attach it readily to the goods. If that were the invention, the patent would be void for want of novelty. What the patent purports to secure is the method of attaching the fastening springs or staple to the tag. No more is asserted in the claim, and the patent is limited to the method there described. The novelty of the invention thus sought to be secured consists in the method adopted for securing the staple to the tag. The distinctive feature of this method is constructing the tag of two layers of paper or other similar material, and placing the bridge or the head of the staple between the layers, which are then pasted or otherwise fastened together. The patent is, by its terms, confined to a ticket having a tag which is composed of two layers fastened together and a staple which is secured to the tag by placing its bridge or head between the layers of the tag. The defendant makes a ticket having a staple similar to the staple of the Van Grasen ticket secured to a tag by an eyelet, the lips of which clamp the bridge or head of the staple to the underside of the tag. Such a ticket does not, in my opinion, infringe the plaintiff's patent, for the reason that a tag composed of two layers is not necessary in the defendant's tag, and the staple is not secured to the tag by placing the staple between any layers of the tag. Clamping the head of the staple to the underside of the tag is not, in my opinion, equivalent to securing the head of the staple by placing it between the layers of the tag and pasting the layers together.

Motion for injunction denied.